So first I want to apologize for the lateness. The earlier argument, we're going back to back, ran extra long and so this is delayed. If you were in the courtroom, you would have seen it. Obviously not being in a courtroom, what's going on here? So I'm just telling you that it was delayed and that's the reason and we apologize for taking more of your time. Thank you. You each have 20 minutes and why don't the appellant first introduce yourself and how much time you want to reserve for rebuttal and then we'll go to the appellee. Good afternoon, your honors. My name is Stephen Friedman. I represent Blossom 63. This is my very first time doing an appeal so I'm just going to be honest. I read the rules yesterday. I thought it was 20 minutes for the initial presentation and then up to 10 minutes for rebuttal for the appellant. So that's what I planned for. I was not planning on using a full 20 minutes probably but that is what I had prepared for. Well, we'll give you, we usually don't cut people off but unless they begin repeating, but as long as we have questions, that's the important thing. And then you want about five minutes for rebuttal? I would highly doubt I would need more. Thank you. Thank you. Good afternoon, your honors. Eric Woodkey for the appellee Devonshire LLC. Okay, we will interrupt you. If you hear us interrupting you, please stop at the end of your thought and let us ask our question or we may raise our hand and if you see us raising our hand, please then come to the stop of your sentence and let us ask the question. Good afternoon, your honors and may it please the court. We're here today on two questions of statutory interpretation. The first being a particular language in one of the notices required by the Illinois property tax code required to be sent after a tax sale or purchase of a delinquent tax. And the other is a interpretation of a statute for reimbursement all the way at the other end of the tax fee process. Tax fee has been voided and the party that has successfully argued that the tax fee should be void has to reimburse the person who acquired the property through the tax fee that is now voided. And there's a question of statutory interpretation of the amount of interest that is due to be paid from the person who successfully challenged the tax fee to the person who had originally acquired the property via tax fee. The bulk of my time will be spent on the first issue and that is... Agreement. What's the standard of review as to each issue? The standard for review for each issue would be de novo. It's just simply understanding what the statute directs or what it requires. So it's de novo. It's interpretation of a statute. So just to begin ever so briefly, ever so briefly, the relevant part of the tax deed tax sale process. Every year by a statute it's required to be in every county in Illinois of the delinquent real estate property taxes. And those taxes are put up for auction and they're purchasers of those taxes. And the ultimate, the goal, or I should say one of the goals of the people that buy those delinquent taxes is to hold onto the bought tax for a certain amount of time. And if the owner of the property doesn't redeem, he doesn't pay those taxes, then ultimately the owner of that property will lose that property via the tax deed process to the person who purchased the tax, the delinquent tax at the annual tax sale. Now what order the annual tax sale is for a specific year? That is essentially the question that we're addressing. I know. If your honor will allow, I'll get to that. Oh, how is it advertised? I mean, okay. Is that in the record? How? One year. It's only advertised one year. The annual. For one year. One year. That's it. The tax year of 2017, tax year 2018, tax year 1953. I should say I know better most recently. Tax year 2013. Only one year. It's advertised as a sale of one year. There's only all the information of that sale is entered into the annual tax judgment and sale book of just one year. I understand what you're saying. So then let's, for hypothetical, say that there was somebody bought at the 2014 sale. Correct. 2014. And there were taxes owed for 2013, but that's not being sold in at 2014. Am I correct? Correct. Okay. So then what happens to the 20, how does the 2013 taxes get mixed up with the 2014? So by statute, you cannot complete the sale of the 2014 taxes until you also pay the 2013 taxes. But those 2013 taxes are not advertised. You have to go to the clerk or the treasurer and request, I think it's an estimate for all the back taxes, the prior taxes. They're not included in the sale. And when you get that estimate, and only when you get that estimate, are you able to pay off prior year's taxes. So that's how it sneaks in the back door. So let's say if somebody bought, they didn't pay 2013 taxes. Correct. There was a sale in 2013. And then in 2014, they didn't pay 2014 taxes. Correct. So if a different buyer could buy the 2014, but since 2013 was paid, it would only be, the sale was 2014 and to redeem, they'd only have to pay 2014. Yes. But what I would say is that the 2013 taxes were delinquent and no one bought them. They're open. They're forfeit. They're open. No, but if somebody bought them. Correct. Then the next year, someone else can buy the 2014 taxes. Correct. And then you only look at that year. Correct. Until after the sale. Correct. Correct. But in our case, what had happened is, I think it was the 2014 taxes were being sold, but the 2013 taxes had not been paid either. Would somebody know that at the sales? Is that, that's not advertised. It is not advertised. It's not advertised by statutes. No. By law. And I think it's important. I did. It is public information. Correct. You can a request of human information act. I mean, you can go to the treasurer and on the website. I'm sorry. You show on the website is unpaid. It'll show that it's delinquent. It will show that it has not been paid. It will show that it was forfeited the prior year because it was not purchased at the 2013 tax. Correct. And yes, your honors. And it's a two-step process in Cook County. And I think that's very important because at the sale and for the sale and for all the legal documents, the advertisements, the court documents by which the treasurer applies for, you know, the judgment, all that is only advertised as one year and one year only. And there's only a annual judgment and tax record for one year only. The second step of the process is that you have to pay the prior, the taxes, I think the language is due, the taxes that are due on the property. Meaning the previous years that for whatever reason have not been paid. So the two-step process. So and in order to qualify for ultimately a tax deed on that property that you purchased the delinquent taxes on, you have to require, you have to, you have to follow the statutory requirements, of course, including which is that you have to, when, after you buy the taxes, you have to send notice to the last known asset, simply called the last known owner of the property. You have to send notice that you purchased his delinquent taxes and that's called a 22-5 take notice. And then what basically the 22-5 take notice informs the person of that his delinquent taxes have been sold, that if he doesn't redeem them, he's going to lose his property and that he ought to redeem them. That notice is a statute, sets forth the exact language. Exact language. And the statute and that's been the language for several years. As far as I know, it's been around for quite a while, but I think even in the 1950s it was not, they didn't have the form. And the notice is not, the notice is what year was sold. The language of the statute, it is explicit in the statute is taxes sold for a year. I don't know if the language is taxes sold for general, but the language is taxes sold for a year. And the parentheses is, it's a directive. It's telling you what they want. There's a blank line over there. And the parentheses is instructing you the information that they want entered on that line. And it says year parentheses. It does not say years. It does not say years. So if I, let's take the argument of the appellee and their argument is year means years and anything else that might be connected with that property that are due. But that would be what you're saying is under the statute, there will be an incorrect to say 2013 because the person that the 2014 sale, your client, did not purchase the 2013. The only thing sold was 2014. That is what the statutory language of the take notice indicates. It says sold for general taxes of year. It could have said years. It could have said year parentheses S, but it didn't. So that the scheme throughout the property tax code is indicative that there's only one year being sold. So you say the scheme, do you know of any case that says the notice should be more than the single year? No, not familiar at all. And what we are in fact, arguing your honors is that the purpose of the purpose of the take notice is to facilitate redemption. And the way you facilitate redemption is to give the property owner the information that he needs to redeem. It's not simply to tell them all the information that's going on. And the only relevant, the only useful information is that singular year of the annual tax sale. For example, if the taxes were sold under 2014 and tacked on was a 2013 year tax that hadn't been sold, if you walk into the clerk's office and say, I want to pay the 2013 tax, you can't. The 2013 tax is completely subsumed under the annual tax year sale of that one year. Which means that the only person who really can pay those 2013 taxes would be the true owner or the 2014 tax purchaser. Is that correct? For the statutory right of redemption, there are other people who could redeem, but yes. Correct. And you just said it, I want to repeat what you said. The whole purpose here is about redemption, which is why the redemption laws are liberally construed, correct? Yes, your honor. No one can get off the street and pay the 2013 tax. And the tax deed laws are generally strictly construed. Isn't that correct? They require strict compliance with the language of the statute. Not substantial compliance, but strict compliance. Now here on the take notice, it said sold for general taxes of, and then it has the word year in parentheses, which means that if the taxes for 2014 has been sold, and if your client had subsequently purchased the taxes for 2015, you would list their 2014 and 2015. I'm sorry, I agree, but I'm not clear on the question, your honor. The question is the take, you agree that the take notice, obviously you don't have it in front of you. I have a copy of it, but go on. The take notice says that sold for general taxes of, and it has the word year in parentheses. Correct. And that year, if you had purchased the taxes for 2014, and say you had purchased them for 2015, you would list 2014 and 2015. No issue with that, correct? You would. Correct. That is a question at hand. There's a, because. You believe no matter how many years have been purchased, no matter how many years have been paid, that you only need to disclose the 2014. Correct, your honor, and it's more than that. I think more than that would be. So you agree that the whole purpose here of this take notice is really to advise people of what they need to redeem. Correct. Once you've paid those 2013 taxes, there is no way the owner can then subsequently go in and pay them, correct? Separate from. I'll answer the question for you, but isn't that correct? Correct. Okay, so the owner can't pay those 2013 taxes anymore, but the owner can also not redeem this property based upon your payment of the 2014 taxes without also paying the 2013 taxes, correct? Correct. Okay, so if the whole purpose here is to advise regarding redemption, because we review redemption laws liberally, and we construe the tax purchaser laws or the tax deed laws strictly, not based on substantial compliance, but strict compliance, wouldn't it seem so obvious to me that if the purpose here is give notice of redemption, that you would need to let the taxpayer know that you purchased 2014 and you paid 2013, and that if they're going to redeem, they need to be concerned with 1314. And if you've also subsequently gone in and paid 15, which of course you need permission from the clerk's office to do that, but you can, you're the only person who can do that. No one else can go in and pay those taxes other than the owner of the property and your client, the tax purchaser, correct? Correct. So wouldn't you need to give notice of that? It makes perfect sense to me that you would need to give notice of that, but I'm not here to argue your case. I want to hear what counsel says. These are the arguments that counsel is making in his brief. I understand. Those arguments. Yes, I understand fully. The way I can respond to that question is... This is Judge Pierce. I'm compelled to interject. The purpose of giving notice to the taxpayer after the tax sale is to inform the taxpayer, the property owner, of the fact that the property has been sold for delinquent taxes and to notify them that they have a chance or they should redeem, otherwise they're going to lose the property. That first notice, the first 90 day notice required by statute, does not list, show, or otherwise advise of the amount of the redemption. It directs the taxpayer, the owner, to go to the clerk's office to get an estimate of redemption, correct? Correct. So I would contend that the first notice, the 90 day notice, is to notify promptly the owner of the property that it's been sold and if they don't take prompt action, they may lose the property. It has nothing to do with price, money, anything else. May I address the court, please? I like to address both of these issues at once. The first notice, the 90 day notice, the 22-5 take notice, does have an amount. It does have an amount, but it says that the amount can change and that's very important because the only way to redeem is to go into the clerk's office and get an estimate of redemption in which they will tell you how much you owe them and you cannot get an estimate for redemption on any year other than the year of the sale. For example, if, as in Justice Walker's example, I paid the 2013 taxes at the 2014 year sale, if I walk into the clerk's office and I say I want to pay off the tax sale, I must ask them for the 2014 year tax sale estimate of redemption. And whatever amount is in there, whether it's 2014 and 13 or 12, 11, and this cost and that cost, the only relevant piece of information that the homeowner, it's really the last pass exit seat, but the homeowner can go in there and request, the only relevant information is you walk up to the counter and you say, I need an estimate of redemption. They'll tell you what's the tax year, what was the tax year sale? You say, well, they included the 2013, 14, 15, 16. They'll say, no, no, no, no, no, no, no. What year was the year of the tax sale? So what I'm answering, Your Honor, in terms of why wouldn't you want to give all that information, the point being is because it's true. It's more information. It doesn't accomplish anything. It doesn't facilitate any redemption because you can only redeem from that one year sale. You can't redeem any partial sale. Everything is, you're redeeming an individual year's sale. So all we're saying is that the language of the statute of year is very appropriate and utilitarian. It is, Mr. Freeman, but correct yourself on one thing. You're correct that it's about the year that was actually sold, but in order to redeem, you must pay everything that the tax purchaser has paid. You cannot decide, I'm not going to pay 2013 right now because they're not in trouble or 2015. You must pay everything that the tax purchaser has paid. You're welcome to check your notes, but I know- It's included in that year's sale. It's included in the redemption amount that the taxpayer will subsequently receive, and you're correct that you can only get it from the county clerk's office. That's the only place to get it, the county clerk's office, and they usually give it, usually you have 30 days, about 30 days from the date of that redemption to redeem. There's a date certain upon which you need to redeem. If you don't redeem by that date, then you have to come in and get a new redemption notice because they've now added additional interest at 18%. Well, I would say, Your Honor, that the language of the statute is year, and aside from the fact that it's unambiguous, utility-wise, it also makes a lot of sense. Yes, what you're arguing is that there are a lot of years included. I'm not arguing- The utility of the language has fixed. Yeah, I'm not arguing. I'm stating what the law is. Okay. Let me ask a question then. Justice Walker is talking about redemption. This is a notice. This notice is about the sale. It's not a notice of redemption, is it? It is a notice that, unless they redeem, they will lose their property. So, it's a notice that the taxes have been sold and instructing them to redeem. He's making it clear to you that it's about both. It's also about redemption. That's why it requires a dollar amount, and the dollar amount generally states what the previous number was for redemption of those taxes. Does that- Do you agree with Justice Walker that the redemption amount that you put on a notice includes what you paid at the 20- for hypothetical, 2014 sale, and there were unpaid taxes for the 2013? Would the notice include the amount owed for 2013 or only the amount from 2014? It would contain both of them, but remember those were paid- Absolutely. ... for the 2014 sale. It's a complete amount owed. It is the total amount required to redeem from that one year's sale. So, to follow up Justice Walker's question then, if the amount include both 2014 and 2013, why would the year not include 2014 and 2013? Because right- The question here for the- On the vacating the order, the notice was because of the year was only 2014. Because you are- And this is somewhat of a term of art, but it's not. You're redeeming the individual year's sale. You cannot walk up into the clerk and say, I want to redeem a sold tax. You can only redeem a particular sale, and that particular sale is that particular year's sale. So, you can pay much more than the delinquent taxes of the 2014 delinquent tax, but you can only redeem from the amounts contained within the 2014 sale. So, it's instructive in terms of its utility. You have to file a tax-deed petition later on that particular sale, and you have other notices that are sent out afterwards, but the redemption is only from an annual sale. And more information, it doesn't help the person redeem at all, because you're not- You can't walk in and split up the years. I want to pay this year, I want to pay that year. You can't redeem anything other than the package that was sold at that one year's sale. So, you're redeeming a package. You're not redeeming individual- For example, later on, you redeem certain costs. You redeem certain amounts paid. So, they're all towards the end when there's court filings, and there are other filings. I'm sorry? You pay subsequent year taxes. You pay subsequent year taxes. For example, if you pay 2016 year taxes on a 2014 year tax sale, in order to redeem from the 2014 year sale, the homeowner, the SSE, has to also pay the 2016 year taxes, even if they're not on any take notice, because you're redeeming from a particular year's sale. So, for my benefit, if we agree with you, and we reverse, then what happens? Then the notice was a properly, strictly compliant notice. The SSE, homeowner SSE, was given the proper information required, all the information that he needed, missing nothing, to facilitate redemption. He would walk into the clerk and said, I need to redeem from this year's sale. Here's my take notice. It says my taxes from general sale 2014, general taxes of the year 2014 were sold. You'll walk into the clerk and say, you need to redeem the 2014 year sale. Here's the amount that you have to give. So, all the information that he had, he's not missing any information. No, but I'm trying, in this situation where there's been some kind of resolution and certain things, and this issue of $16,000. Okay. So, am I right? I mean, in this case... Then the tax deed will stand, and the $16,000 will be moot. Yes, that's what I wanted to... We're only talking about the $16,000. Well, I'm saying the tax deed, if the tax deed is still valid, then there will be no reimbursement. There's no reimbursement. Correct. It's moot. It's not the... Blossom 63 will retain the property, and there will be no reimbursement. Any other questions? I'm hearing none. Well, why don't we move on? I think it's very important, Your Honor, to note there are other places in the tax code which use both the language year and years. It's not the only place where the word year is used. There are other places in the tax code where the statute is explicit. It says year or years, and it didn't say that over here. Did you make that argument below? I'm sorry? Did you make that argument in the trial court? Yes. Absolutely. Many times. All right. Many times. Justice, is it okay if he addresses the other issue, or was he going to do that on his own? If you want to. He said he was just going to address the first issue. Well, my both was going to be the first issue. I can address the second issue briefly also. Again, in the event that a tax deed is vacated, then the person who challenged the tax deed successfully has to reimburse ostensibly the person who acquired the property. We just feel that, because, again, the language of the statute is quite clear, that any amount paid that's not included in the amounts redeemed is fair, that it should be paid. I'll let my brief stand for that. Okay. Thank you. Thank you. Proceed. Good afternoon, your honors, again, and may it please the court. As I said earlier, my name's Eric Woodkey, and I'm here representing Devonshire LLC, the appellee. And as Mr. Friedman noted, this case has two issues. The first, which was discussed quite thoroughly during Mr. Friedman's presentation, revolves around the 22-5 take notice, but really it revolves around the language used on the notice with respect to the years of taxes sold. Well, they had only one year sold, 2014. That's incorrect. It's incorrect. You could not buy, the only thing the share, or whoever conducts the sale, the only thing being sold at that time was 2014. That's what was being sold, right? That's incorrect. It's incorrect. Because in this case, the statute is clear, the statute that was cited by Mr. Friedman for the first time on appeal, section 21-240, it's clear that if a tax purchaser does not pay these prior year's taxes, they're not entitled to a certificate of purchase. So there is no sale if the prior year's taxes are not paid. But the sale, as I understand, the sale was a 2014 sale, and the statute provides. It provides if there's something, that's a different situation. What sale was this? They said 2014. Correct. Justice Hyman, you are correct. The sale was the 2014 annual tax sale. That was the sale. But at that sale, any years of tax can be sold. It doesn't need to be the 2014 tax year. If a property were delinquent for a different year of tax, it could be offered in 2014 annual tax sale. But we don't have that here. The only thing purchased here was the 2014 sale. So I'm not asking for a hypothetical. I'm looking at what was sold here. At that sale, the only thing sold under the statute, I'm asking this as a question, but as I understand it, was 2014. That's the way it works. That's what the statute provides, and that was the only thing that was That's not correct. It's not correct, because the face of the certificate of purchase itself demonstrates that that is not the case, because of the fact that this certificate of purchase states that the sum received for this certificate of purchase to purchase the certificate was $47,309.57, which includes 2014 and 2013 seconds. And we can say whatever we want about the advertisement or the order for judgment sale or what a property owner needs to know to go and redeem the taxes, but none of that is relevant, because the statute requires strict compliance, and this certificate of purchase that was obtained by the tax purchaser in this case includes both of those years of tax on its face as being sold. Well, wait, wait, wait. You seem to be jumping the step, as I understand it. That certificate is post the sale, correct? The certificate is issued after the sale, after the money is paid, correct. After the money is paid, and so the only thing being sold is 2014. You may or may not know whether they owe 2013, 2012, 2011. You can find out. Some people do, I'm sure. Maybe some people don't. I don't know, but the only sale was 2014, and the certificate, where in the statute does it say that the certificate is relevant to the notice? This is a specific, strictly construed statute. If there is nothing, tell me, where is it say you've got to look at the certificate, or the certificate is meaningful for that notice? In fact, it doesn't say that anywhere. The certificate is probably, it's a record of the sale. I think we can, we all agree that that is true. The certificate is a record of the sale. Okay, but so if we're strictly through the statute, you know, I appreciate your candor, it's not there. So how then would, why would we be going out to decide the strict structure or constraints of the statute with regard to the notice if there was a requirement that's stated that you've got to look at the certificate? So I think that you are getting confused, honestly, because this is, it's a confusing statute, and it's a confusing statutory scheme. And the case law has been developed over hundreds of years, and I would love to bring up Gage versus Davis, because in 1889, the Illinois Supreme Court stated with no uncertain terms that the notice the recipient of the notice, that the lot was sold at the general sale of lots and lands for taxes levied for the year 1872, which is fine. Like in this case, that notice that was issued said that the property was sold at the 2014 annual tax sale, and Mr. Friedman made the point many times that the sale was the 2014 annual tax sale. And I'm not disagreeing with that. What I'm saying is that it is abundantly clear from all of the documentation here that that sale also included the 2013 second installment. You can look at the estimate of redemption that was attached to the motion for the 22A calculation, it's page C274, that specifically states prior years sold 2013. It doesn't say prior years paid or purchased. It says prior years sold. These prior years taxes were sold pursuant to the 2014 annual tax sale. Whether or not they were advertised, they don't need to be printed in the advertisement in order to be sold. And Mr. Friedman didn't address the fact that other years of tax can be sold at an annual tax sale. So the specific reason that a tax sale occurs each year is because new years of tax can become delinquent on a yearly basis. But if one year of tax is delinquent, it's going to be sold whether it's for that specific year that the court petitioned for judgment or if it's a prior year. Are you saying that the collector, when they seek authority to sell at the annual sale, they have to list the year involved, the amount of the delinquency and whatever cost for that tax year, 2014. Are you saying that when the court authorizes the collector to sell the delinquent 2014 delinquent taxes, that the court is also giving the collector authority to sell prior year delinquent taxes? That is what I'm saying. And what authority do you rely on to make that it's a statutory procedure? And I'm not aware of any statute that says that your annual application for judgment and order of sale for 2014 includes any prior delinquency. In fact, Justice Pierce, it's in the caption itself of the application for judgment and sale that's filed on a yearly basis, the caption of these cases. And I believe it probably is on petition for taxes in this case. I can find it here in a moment. But it specifically states in the matter of the application of the county collector for judgment and sale against taxes returned delinquent for the year 2014 and prior years, and prior years, it always includes prior years of taxes. And doesn't it require that the collector publish and petition the court identifying the prior year delinquencies for the specific properties? Correct? It may, in fact, require that. I have to admit, I can't speak to that. But if it does, it does. Okay. But at the same time... If this petition for judgment and order of sale did not include this Lincolnwood condominium for 2013, they would have no authority to sell 2013 taxes at the 2014 sale. I disagree because it has the authority to sell all prior years taxes that are open and delinquent. But it has to publish the amount of the delinquency in the notice. It has to do that. If they don't do that, they don't have the authority from the court to sell it because they didn't comply with the statutory requirements to get a judgment and order of sale. It's all by statute. Sure. I understand. So I will point out, though, that this is not about what the collector publishes. This is about what the tax purchaser puts in a take notice. So again, we're getting confused because the statute requires strict compliance. And the person, the individual, the party who has the best knowledge about what taxes were sold is the party that purchased the taxes at the tax sale, not the collector. The collector is basically not involved with this after they received their money and the certificate of purchase is issued. And it's only after the certificate of purchase was issued, in this case, that this 22-5 take notice was issued. But under Section 240, in order to complete a successful bid at the annual tax sale, Section 240 specifically provides that the buyer has to pay the amount published by the collector in his application forthwith, in any interest, penalties, whatever, forthwith meaning immediately. And then within 10 days, as a condition to perfect the purchase, the statute, Section 240, says, you have 10 days to then pay any previously unpaid taxes, assessments, or whatever. Okay. It's a condition of completion of the sale. Correct. Completion of the sale. So which taxes were actually sold, 2014, and any prior years that were paid to complete that sale? Otherwise, the sale is incomplete. It's not a sale. No. Otherwise, the purchase is incomplete. It's a sale in error. Well, in fact, it is void. The purchase is, in fact, void for a statute. Right. The purchase is void. Right. But it's a condition of payment. The collector is saying, this 2014 delinquency is out there. You want to buy it? You buy it. You bid down the interest rate you want on your purchase, 12, 11, 10, 9, 8. In this case, the tax buyer went for 0% interest. He was a successful bidder. He had to immediately pay that amount of taxes before 2014. And then under Section 240, he had 10 days to make up any prior deficiency. It's the scheme envisioned by the legislature to pick up delinquent real estate taxes and not allow them to go paid, unpaid, paid, unpaid. I mean, that's the way it works. Now, the notice simply tells, in my judgment, simply tells the owner within 90 days, this 2014 tax sale, it was sold. You have to redeem. Check with the county clerk for the amount of the redemption. And then you go from there. That's not what the notice says. The notice says it was sold for general taxes of year. And so it does not say it was sold at the 2014 tax sale. If the legislature intended for that to be what's on the notice, that's what this notice would have said. And so- The notice says it was sold after 2014 general taxes, right? But that's what his notice says. That's not what the statute asks for. The statute asks for a listing of the years that were sold. That's great. You're apparently not understanding that the only year that was sold at the 2014 tax sale for this property was the delinquent taxes for 2014. I disagree. I disagree. I don't think that that's true. Because if the 2013 taxes were not also sold, they would not be included on the certificate of purchase. That amount would not be included in the redemption amount that was listed on the certificate of purchase. And on the 2013 notice. They were not sold. They were paid. There's a big difference. In order to complete the purchase, you have to pay for 2014. And as a way of collecting delinquent taxes devised by the legislature, you also have to pay 2013. If you don't want to do that, you're out. You're out. You're out. And you can be sued civilly for the collection of the 2014 bid that you refused to pay because now you find out you have to pay 2013. I mean, it's just an added cost in my mind. Mr. Woodkey, Mr. Freeman stated earlier that he was required to purchase the 2013 taxes when he purchased the 2014 taxes. Is that not correct? It's not correct. If he wanted to complete his purchase, then he did have to pay the 2013 second installment. That is accurate. That is exactly what I said. Mr. Freeman also stated earlier that the primary purpose of the take notice or one of the purposes of the take notice is the whole redemption issue. Do you agree with that? I do agree. I do agree. So Mr. Freeman told us earlier that the purpose of the take notice is redemption. If the purpose of the take notice is redemption and we're trying to advise homeowners that their properties have been sold and they've got a limited time to come in and redeem them, there's no way that you would have a notice to advise them of everything that's been sold. Is that correct? That is correct. Okay. Mr. Freeman also stated that the notice includes a dollar amount, and that dollar amount included on the notice represents the 2014 and the 2014 taxes. Is that correct? That is correct. Okay. I'm just asking you to confirm what Mr. Freeman has already told us. Sure. Sure. I will also point out that the estimate redemption that I referred to earlier, page 274, that clearly states prior years sold, 2013, and includes the amount of sale as $47,309.57, the amount on the certificate, not the amount of purchase and sale or sale and subsequent purchase. This is all the sale. Again, the interest amount of 0% that was bid by the purchaser at the sale is applied not only to the 2014 tax, but also the 2013 that was also sold. I think that really gives us here a little bit more of a clue that the 2013 taxes were also a part of this tax sale. They were not simply purchased or paid. They were a part of the sale. If they were not a part of the sale, they wouldn't be treated as the other taxes that were a part of the sale. They would be treated as some other tax, maybe a subsequent tax or a prior year's purchase, but it has nothing to do with the amount of the sale. The amount of the sale in this case is the $47,309.57. It's not just the 2014 taxes. It's the 2014 and the 2013. If the legislature had intended for us to only be listing the year of the annual sale on the take notice, then tax purchasers would never be giving out any information to these property owners who would think, hey, my one year of tax is $5,000. Why does this number say $35,000? Well, obviously, because five years were sold. But if the tax purchaser is only required to list one year on the take notice to the annual sale year, we could have a situation where a property owner is just completely confused as to the notice. They should know that more than one year of tax was sold, if it were. When you say should know, my question is the custom and practice in the industry. You're saying that you disagree with that custom and practice, which is to just list the one year? Justice Freedman, I will point out that it's not the custom and practice in the industry to just list the one year, and the evidence of that is the take notice issues later in this particular case by Mr. Freedman's client, which provides that the judge vacated the first one. So, of course, that doesn't answer the question. The question is, one of you is right and one of you is wrong. I'm just asking the custom and practice, it seems to me, is the one year. And you are saying something that that's been misinterpreted. And because there is no case directly on point, you're going back to a case of the mid-1800s by the Supreme Court of Illinois, which we don't have to follow because it's before 1935. So is there evidence of the custom and practice at this time? I don't know where you are. I'm just trying to find out. If the custom and practice has been just to list the one year. So you're asking a question. Yes. So, counsel, the question is, what is the custom and practice? The custom and practice is, it depends on the attorney. It's up to the attorney or it's up to the party who drives to take notice. The custom and practice, what I do, I list every year that was sold because that's what the statute says. And I don't see why I would willingly give less information than I have available to me. So I don't think that it's custom and practice in the industry because these take notices are subject to a strict compliance standard. They're normally reviewed by attorneys. They're normally issued far subsequent to the tax sale so that the attorneys or the party preparing the notice has all of the possible information available to them. So our decision then as an opinion would set the standard interpreting the statute so that henceforth, either it would just be the year of the sale or the year of the taxes that are due, whether it's that year plus prior years. So what you're saying is right now, it seems to be all over the place depending on the lawyer. And by our interpreting this as a question of first impression in Cook County, it would become a uniform information in the take notice. Am I right? Well, that could happen. Yes. If an opinion was issued on this, yeah, sure, it could. And if that were to happen, I think that we also have to start discussing the scavenger tax sale because the same notice, the same section 22-5 notice is sent following a all of you know, always includes more than one year of general taxes. And so in a scavenger tax sale, when you request an estimate of redemption, you're requesting an estimate for that scavenger sale, not for each of the individual years of notice or general taxes that were sold, even though you would put all of those years of general tax on the notice. So counsel, the scavenger sale is called the scavenger sale. It deals with multiple years of nonpayment. Correct. Annual sale deals with the annual delinquencies of the property. Okay. There's two separate procedures or two separate concepts. There's two separate reasons for notice, notifying people of different things. But let me ask you, the notice, the 90 day notice that you're, that Judge Carroll found was not strictly complied with. It's in the record. I don't, frankly, it's part of your appendix, I think. The only amount Judge Carroll found that this form didn't comply, strictly comply with the statute. It lists that the property was sold for general taxes of 2014, which is correct. It notifies you that the period of redemption will expire at a certain time. Okay. It can also transfer title. And then it says, as the date of this notice, the 2005 notice, the amount which you must pay in order to redeem the above property is $47,340. Right? Correct. Now, that's not misleading in any way. It's completely informative to the owner that if you want to redeem from the 2014 sale, this is what you have to pay. There's no requirement to further explain that that $47,000 consists of interest, penalties, prior years, subsequent years, anything else. It's then up to the taxpayer to contact the county clerk to get the proper amount of the redemption amount. And then they say at six-month intervals, these amounts are going to change. So, all the 90-day notice is meant to do is to put the owner on notice that there's been a sale, what it's going to cost to redeem from the sale, and that you have to call the clerk. Otherwise, these amounts are going to go up. And that's what the statute calls for. Is there a question? Do you agree with that? I disagree. Because again, you're conflating the take notice that's sold for general taxes of year, not sold at the tax sale. It's looking for you to list the years that were sold, not the tax sale at which it was sold. There's a clear distinction between those two things. It would seem to me that in the 45 years that I've been dealing with real estate taxes and tax-related procedures, this question would have came up somewhere in that time period. And the reason that it hasn't come up with is because it just doesn't make sense under the setup of notice, sale, authority, notice, redemption amounts, time periods, more notices, more redemption amounts. Okay? This little tweak that you want to put in there, it isn't part of the statute as far as I'm concerned. It's not a tweak that I want to put in. It's an issue of first impression in this court, sure. But this issue comes up constantly in practice in Cook County. And Mr. Friedman will agree with me that this issue comes up constantly in practice. It's because these notices are drafted by tax purchasers. They're not drafted by the county. They're not drafted by the county collector who prepares the application for judgment sale and goes to court. They're not drafted by the state's attorney's office. They're not even reviewed by any of these individuals. They're simply mailed out by the county clerk after they're drafted and to sit and allow a tax purchaser to put whatever information they want into the notice. Where does the notice in this case, the one I just looked at, I think it's part of your brief, where is it not compliant with the statute? It doesn't comply because it doesn't list the 2013 year of tax that was sold. And counsel, Justice Pierce says that this matter would have come before. But there's cases of first impression all the time. Very often, these matters are resolved. They're resolved at the trial court level. They're settled. And now this one has made its way to the appellate court. So the issue for the appellate court is not to decide, well, we've never seen this before, so therefore it must not be that important. I think it's a very important issue, and it's one that needs to be resolved. And I think the case law is clear. There's a couple of things that are clear. One is that we construe the notices strictly against the tax buyer. We are liberal when it comes to the value of the property. And we do that where there's not been strict compliance with the requirements of the statute. And some people have the position that if you're going to give notice, you need to give notice of everything that was purchased. In this case, Mr. Friedman has already told us that both the 2014 and 2013 was purchased because when he purchased the 2014, he was required to purchase the 2013. And therefore, it seems as though he should have given notice of both. So whether or not this issue has come up in the past, that's not the issue before the appellate court. Yeah. I'm aware of that. Yeah, of course. No, I know. I'm merely stating the fact that this issue has come up many times. And the appellate court, sure, now we may have an opinion that goes one way or the other, and that would be great to get some clarity on this. But the danger here is allowing a tax purchaser to put a single year on a take notice when they know they're issuing the notice that more than one year is included in the amount that's listed on the notice. It's listed on the certificate. It's listed as sold on the estimate of redemption. All of the information here leads back to that tax being sold and not simply purchased. So that's all I'll really say on that point. I'd like to address the 22-80 issue, which obviously involves the amount that's payable to their tax deed grantee upon a tax deed being vacated. There's some interplay between the two sections of section 22-80, 22-80A and B, and very generally there's an argument about the $16,000 in interest that was applied at 1% per month to a certain tax amount. In this case, that's the amount on the certificate of purchase, the amount of taxes sold, and on the 2015 subsequent taxes. And I think that here, reading the statute as Blossom would suggest would be nonsensical and create an absurd result because it would result in tax purchasers being paid interest on a tax purchase that otherwise would never have received any interest. And surely the legislature did not intend for this to happen because otherwise they would have made it clear that interest can be applied to a 0% tax buy, where nowhere else in the statute does that ever happen, not in a sale and error where 1% per month interest is also applied in cases of sale and error, but not on tax amounts that normally have been subject to an interest rate. So here, when you have a tax amount that's not subject to any interest rate upon redemption, no interest rate should be applied to it in any situation because it's not done anywhere else in the property tax code. And I think it sort of just represents a windfall to a tax purchaser who otherwise failed to comply with the statute. All right. Thank you very much. Mr. Freeman, a rebuttal? Yes. I'd simply like to say that we're here on a interpretation of a statute. The language of the statute is year. In other places it says years. It says other places it says year years. In this place, in this case, it says year. It's very clear. One of the canons of interpretation is clear and unambiguous statutory language will be applied as written. Now, of course, usually you say, well, we want to take it in context and we have to look for guidance. But I have demonstrated that the utility of the single year will give the only useful and relevant information that the tax SSC, the homeowner, can use to redeem from the sale. But I don't understand why, when you say that, wouldn't it be better to give more information that is if it is 2014 and they do have to pay for 2013, which isn't the case, then that would make sense to put them both there. It's a lot of more information, but he can't do anything with it because you cannot redeem the 2013 separate from the 2014. They don't know that. The homeowner who gets this may not know that. This way, the idea for the notice, take notice, is to give information on redemption. This is what Justice Walker would say. Why would this legislature want to give less notice where there's going to be a taking instead of more notice? Because you can only redeem, and this is the way the legislature has set it up. You only redeem under the umbrella of an annual tax sale. So more information does not facilitate any more redemption. Our only interest is that the language of the statute facilitates redemption, provides the information. This is the only relevant information. It's more information. He'll know a lot more. No, no, no. But it's relevant information, as I understand it. Since the amount is an estimate, and that amount includes the 2013, if you only put in 2014, and the amount on the take form says 2013 and 2014 estimate, right, then why wouldn't it be 2013 and 2014? Because that is more accurate than just saying 2014 when the redemption amount includes another year. Because why would both years be disclosed? Because those added years were to complete the sale. It's a two-step process, remember, Your Honor. They were there to complete the sale. They were conditioned to complete the sale. They weren't what was sold. The only thing people were bidding at, at the sale, the only thing that was up for auction, the only thing that was sold that year, not the completion of the purchase, the only thing that was sold at the auction was that one-year sale. Why, then why would, again, I'm trying to understand how the statute is supposed to work, then why would the legislature want to tell someone who's usually unsophisticated that this is the amount you owe, but we're not going to tell you that it's for 2013 as well as 2014. We're just going to tell you it was sold in 2014, and here's the amount. But you're not going to know that you also owed cash for 2013 and 2012 or whatever else there was. I understand, Your Honor, and I think the answer to that is because that is the method of redemption that has been set up by the legislature. What I mean by that is you walk into the clerk and you say, I want a redeem from this sale. They only allow redemption from one-year sale. They do not allow redemption on isolated years. You walk in, you need to say 2014, but in order to redeem, you're going to have to put money on the table for 2013 and any other prior years, right? You're going to have to put the money on the table to redeem what the clerk has put together from various expenses. At the end of the sale, you'll have court costs, other costs, mailing costs. Those all go under the guise of the 2014 sale. It's not only the 2014 taxes and 2013 taxes. There's a lot more, but you never have to list the other items. You don't have to list the court costs at the end. I'm talking about the notices at the end. You don't have to list any of that because all of it is contained within the 2014-year sale redemption, and that's the way the scheme of the statute has set it up. It's set it up so that it is all under the umbrella of one-year sale, and that's why this would be limited to one year, and that's why the utility of it fits with the language of it. Again, the language is year, and the utility is satisfied. Mr. Friedman, it's clear that none of those expenses are paid at the tax sale either. The court costs or whatever other costs that you may have, they're not paid at the court. First of all, the court costs, you need to know what they are. Every court order that's done in Cook County usually says you get this judgment amount plus cost, so those costs are never listed individually. This is something different. They are listed on later take notices. May I finish? This is something different. This is about what you actually had to pay in order to purchase these taxes was the 2014 year and the 2013 year that was still unpaid, so that was the total amount that you had to pay to purchase these taxes in order to complete and receive the certificate of sale, and your certificate of sale clearly states that the 2013 and 2014 taxes were sold. Yes, Your Honor. I was just referring to costs at the back end. Three years later, those costs are included in later take notices, and they're not court costs. They're costs of subsequent taxes. They're costs of the sheriff selling, and they're not listed, so that's what I was referring to. That actually supports what we're saying. It seems as though legislature wants you to include all of this information. That's why later on, you include that when you do a later take notice immediately prior to going to tax fees. It's included in the dollar amounts, Your Honor, but never listed individually for what it's for. That's all I was saying. It's never listed individually what it was for. The dollar amounts are always accurate, but always under the guise of this annual sale. But the real issue here is that when you purchase these taxes, you purchase, and your certificate of sale says that, that you purchased the 2013 and the 2014 taxes. That's what the certificate of sale says. The certificate of sale is not a statutory indication of anything. It's just the way every county has their different ways of listing what was sold. I've seen another, and it's just not, it does not address the statute. There is no statute whatsoever indicating how a certificate of purchase should be listed. In fact, in many other counties, they don't list it at all, the subsequent purchases. It's subsumed under this annual purchase. So I would argue that from any, and this is especially concerning quite a few items that Mr. Woodkey said, any proof from what the certificate of purchase says sheds no light on the statute because it's not a statutory document. It's whatever the clerk of any particular county decides, rightfully so, that they want to include in their particular certificate. So again, just in closing, it's a statutory interpretation. I'm sorry. Mr. Freedman, you're saying the certificate of sale doesn't really matter, a certificate of purchase doesn't really matter. The fact is that you did in fact purchase 2014 and 2013 at the 2014 annual tax sale. Now that is the fact. I did not say that the certificate is of no consequence. I said it's not statutory. I understand what you're saying. It's not statutory. I was only stating a fact. So again, in closing, it's just the language of the statute, Your Honors, is year. In other places, it says year and years. And in fact, on the top of the tax certificate, it says certificate of purchase for general taxes and special assessments of one year. It doesn't, on the certificate itself, it doesn't say, I mean, this contradiction is in the certificate itself. If you look on the top line of the tax certificate, you can have 20 years of back taxes. It'll only say one year. So again, that's just an indication that the information on the tax certificate is more of a certificate type of information than statutory. But again, I want to focus on the language of the statute is unambiguous. It says year. It very easily could have said years or year parentheses S. It didn't. In other places in the code, it does use the term year or years. It did not over here. And the utility is such that there's no reason to read the language other than what it explicitly says. It's unambiguous and it's clear. It says one year. It serves the utility. It's clear and unambiguous. There's no information. It doesn't harm the person's redemption whatsoever. And that's our argument. Thank you, Your Honors. All right. Thank you to both sides. You know, we said that we'd give each 20 minutes and we've taken over an hour. So it's obviously a very interesting question. First impression is always interesting. And we'll appreciate your briefs, appreciate the arguments. We'll take the case under advisement. Appreciate also your, again, waiting because of the delay.